SAMUEL, Judge.
Plaintiff brought this suit to recover property damages to her automobile and, as administratrix of his estate, damages for her minor son’s personal injuries, both resulting from a collision with a car driven by the defendant. The defendant answered denying negligence on his part and alternatively pleading contributory negligence on the part of the driver of plaintiff’s car, plaintiff’s son, and reconvened for the damages suffered by him in the accident.
There was judgment in the trial court on the original demand in favor of defendant, dismissing plaintiff’s suit, and on the re-conventional demand in favor of plaintiff in reconvention in the total amount of stipulated property damage and medical expenses incurred by the plaintiff in recon-vention. The original plaintiff has appealed. The original defendant has not answered the appeal; seeks only an affirmation of the judgment. Hereinafter the words “plaintiff” and “defendant” refer to the plaintiff and defendant in the main demand.
The collision occurred at about 8 p. m. in the Parish of Jefferson at the intersection of the Air Line Highway and Starrett Road. In Jefferson Parish the Air Line Highway is a heavily traveled main artery running east towards New Orleans and west towards Baton Rouge. At the intersection here involved it consists of two lanes for eastbound traffic and two lanes for westbound traffic with a narrow neutral ground, approximately three feet in width, in the center. Starrett Road runs north and south; it intersects the highway at right angles and is the inferior street of the two.
The plaintiff car was traveling south on Starrett Road and the defendant car was traveling west on Air Line Plighway in the lane nearer the neutral ground. Both cars were proceeding within the speed limits and it is not disputed that the collision took place very shortly after the plaintiff car crossed the westbound lanes of the Air Line Highway in order to make a left turn into the eastbound lanes of that highway. While it was stopped in the neutral ground opening at Starrett Road in order to allow eastbound traffic to pass, with the rear of the car protruding beyond the neutral ground into the westbound lane in which defendant was driving, the left rear side of the plaintiff automobile was struck by the front of the defendant car.
The appeal involves only a question of fact. Six witnesses testified during the course of the trial. Four, the plaintiff driver, a passenger in that car, a police officer and one other witness, were called by the plaintiff. Two, the defendant and his wife who had been a passenger in his car, testified for the defendant.
In his reasons for judgment the trial judge carefully evaluated all of the testimony and concluded that the driver of the plaintiff car had failed to properly ob *297 serve traffic proceeding in both directions, on the Air Line Highway and had entered the intersection and stopped with the rear _ of his car protruding beyond the neutral ground when the defendant was too close to avoid the collision. He was of the opinion that the accident was caused solely by the negligence of the plaintiff driver. We agree.
For the reasons assigned, the judgment appealed from is affirmed; costs of this-appeal to be paid by plaintiff-appellant.
Affirmed.